[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR PROTECTIVE ORDER
Pursuant to Connecticut General Statutes Section 42-110d(c), petitioner in this case on August 28, 1996, issued a civil investigative demand directed to respondent.
Petitioner asserts that respondent is a licensed pharmacist providing prescription drugs and medical equipment to consumers. Petitioner also asserts that respondent, a Connecticut corporation doing business in Connecticut, has in its possession information and documentary materials relative to its engaging in allegedly unfair and deceptive billing practices. Petitioner indicates that the civil investigative demand has been issued CT Page 2331 based upon petitioner's suspicion that respondent has sought to collect large sums of money from consumers for services provided when the respondent had orally represented to the consumers that the respondent would seek compensation solely from the consumer's insurance company. According to the petition, the respondent is also suspected of unfairly and deceptively inflating the prices for prescription drugs.
Respondent has filed a Motion for Protective Order dated February 28, 1997, seeking an order that it not be required to respond to Interrogatories Numbers 7 and 8 and Request for Production No. 2.
Interrogatory Numbers 7 and 8 and state as follows respectively:
 7. For the period January 1, 1990 through the date of your response to this interrogatory, provide a listing of names and addresses of all customers to whom you have sold any products or services. Your answer should include each customer's name, last known address and last known telephone number.
 8. For the period January 1, 1990 through the date of your response to this interrogatory, provide a listing of each of your accounts where you have sought to collect any amount of money directly from a customer, as opposed to accounts where you sought to collect money exclusively from the customer's insurance company. Your answer should include the name of the customer, the amount billed to the customer, the last known address of the customer and the last known telephone number of the customer.
Request for Production Number 2 states as follows:
 2. Please provide any documents relating to the billing of any of your accounts where you have sought to collect any amount of money directly from a customer, as opposed to accounts where you sought to collect money exclusively from the customer's insurance company.
Both sides have submitted memoranda and supplemental memoranda which have been reviewed by the Court. Essentially, CT Page 2332 respondent makes 4 claims in support of its motion for protective order.
First, it notes that Connecticut has laws which protect the privacy of patient information. See, e.g., General Statutes Sections 19a-490b, 19a-215, and 20-7b et seq. It argues that disclosure of the requested material would in all likelihood subject the medical provider to liability.
Second, it notes that our Supreme Court has expressed a strong concern for the privacy rights of persons infected with HIV. Doe v. Marselle, 236 Conn. 845 (1996).
Third, it argues, in reliance on Connecticut General Statutes Section 20-626, that petitioner lacks the requisite authority to obtain the requested materials. Respondent argues that pursuant to Connecticut General Statutes Section 20-626 (b)(5), a pharmacist or pharmacy may provide records to ". . . any governmental agency with statutory authority to obtain such information . . ." Respondent also points to Section 20-626 (b) (6), which states that a pharmacist may provide records to ". . . the state or federal government or any agency thereof pursuant to a subpoena . . ." Because a civil investigative demand has been issued, and not a subpoena, respondent argues, the motion should be granted.
Finally, respondent argues that pursuant to General Statutes Section 42-110d (f), any documentation provided to the State will necessarily become public. Section 42-110 (f) states in relevant part:
 The commissioner or the attorney general or their employees shall disclose, in accordance with the provisions of chapter 3, all records concerning the investigation of any alleged violation of any provision of this chapter, including, but not limited to, any complaint initiating an investigation and all records of the disposition or settlement of a complaint.
Opinion of Attorney General No. 84-110 states, respondent argues, that section (f) applies to all records in the possession the Department of Consumer Protection.
Petition disputes all of respondent's arguments. CT Page 2333
Preliminarily, petitioner notes that no information regarding any real or imagined physical or mental disease or disorder has been requested. Petitioner stresses that it has simply requested a list of the customers with whom the respondent has done business. Moreover, petitioner asserts, the civil investigative demand does not request the production or disclosure of any patient records revealing any medical information relating to a person's condition. The only question in reviewing a civil investigative demand, petitioner argues, is whether the demand is one the agency is authorized to make and whether it violates the respondent's due process rights. Heslin v. Connecticut Law Clinicof Trantolo Trantolo, 190 Conn. 510 (1983).
Petitioner argues that the statutes cited by respondent are not on point. Conn. General Statutes Section 19a-490b simply sets forth a procedure whereby patients may request their own medical histories, and Section 19a-215 involves information that must be disclosed to the state. Doe v. Marselle, involving the disclosure of HIV-related information, is simply not on point, petitioner asserts.
More broadly, petitioner argues that respondent is asking the court to create a pharmacist customer privilege, a privilege not recognized in Connecticut. Moreover, petitioner asserts, even the patient-physician privilege has never been construed to prevent physicians from disclosing information unrelated to the patient's disease or disorder. In re Albert Lindley Lee Memorial Hospital,115 F. Sup. 643 (N.D.N.Y. 1953). Petitioner cites to Wigmore, who stated that "[i]t is only the tenor of the communication that is privileged. The mere fact of making communication, as well as thedate of a consultation and the number of consultations, are therefore not privileged from disclosure, so long as the subject communicated is not stated." 8 Wigmore on Evidence Section 2384
(McNaughton rev.) (emphasis in original.)
Petitioner also disputes respondent's argument that Section 42-110 (f) will inevitably require that all documents obtained be disclosed to the public. Petitioner notes that this section provides that "[t]he commissioner or the attorney general or their employees shall disclose, in accordance with the provisionsof chapter 3, all records concerning the investigation of any alleged violation of any provision of this chapter, including, but not limited to, any complaint initiating an investigation and all records of the disposition of a complaint." CT Page 2334
Petitioner argues that all exceptions that apply to the Freedom of Information Act, including the exception for confidential medical information, see General Statutes Section1-19 (b)(2), apply to these documents, and that there is no requirement that anyone's privacy be violated. Petitioner argues, see second supplemental memorandum of March 17, 1997, that adopting respondent's construction of the statute would "effectively nullify the Commissioner's ability to conduct any sort of meaningful confidential investigation of unfair trade practices."
Having considered all of these arguments, I conclude that petitioner's arguments are the more persuasive. What is currently being requested is simply a list and documents relating to the billing of accounts, not information regarding actual physical or mental diseases. The use of the civil investigative demand is sufficient to require production of the material sought pursuant to Heslin. Moreover, Section 20-626 (b)(5), explicitly states that a pharmacist or pharmacy may provide pharmacy records to "any government agency with statutory authority to review or obtain such information." Section 19a-215 is not directly on point. Respondent's concerns about Section 42-110 (d)(f) are excessive given the existence of the reference to the provisions of chapter 3, as petitioner notes. More generally, as petitioner argues, there is no recognized customer-pharmacist privilege in Connecticut. Concerns about the privacy rights of costumers and patients, as valid and important as they are, cannot be used by respondent to effectively prevent the petitioner from undertaking an investigation of allegations of unfair practices such as those presented here, on the present record.
Consequently, it is ordered that the respondent, I.V. Services of America, Inc., shall comply with and provide answers to Interrogatories 7 and 8 of the Civil Investigative Demand issued by petitioner dated August 28, 1996, pursuant to the confidentiality agreement drafted by petitioner and appended to its second supplemental memorandum dated March 17, 1997.
However, should any documents respondent is required to disclose pursuant to Request for Production Number 2 contain specific references to a person's physical or mental condition, such references may be redacted prior to such documents being produced. CT Page 2335
In any inquiries it may make as part of this investigation, petitioner is reminded of its duty to consider the privacy rights of person's contacted, in accordance with applicable law.
LAVINE, J.